## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

WESTFIELD INSURANCE COMPANY,
One Park Circle
Westfield Center, Ohio 44251,

                                                 Case No.: 1:17-CV-558

        Plaintiff,

v.

CRAIG SHIELDS d/b/a CRAIG'S
REMODELING & MAINTENANCE,
2408 South Madison Street
Bloomington, Indiana 47403,

        Defendant.

_____

## COMPLAINT
_____

Plaintiff, Westfield Insurance Company, for its complaint against the above-named defendant, states:

### JURISDICTION

1.     The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiff and the defendant are citizens of different states, are diverse parties and the amount in controversy exceeds $75,000.00.

2.     Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

1

## PARTIES

3.      Plaintiff, Westfield Insurance Company ("Westfield"), is a foreign company licensed to sell insurance in the State of Indiana. Westfield's principal place of business is located at One Park Circle, Westfield Center, Ohio 44251.

4.      Defendant, Craig Shields d/b/a Craig's Remodeling & Maintenance ("Craig's Remodeling"), is an adult resident/business in the State of Indiana residing and/or having its principal place of business at 2408 South Madison Street, Bloomington, Indiana 47403.

## FACTS

5.      All prior paragraphs are incorporated by reference.

6.      At all times material hereto, Thomas Gallagher was the owner of the building located at 107 North College Avenue, Bloomington, Indiana (the "Premises").

7.      On or about October 15, 2015, Craig's Remodeling was doing wood staining work at the Premises.

8.      Craig's Remodeling and/or its employees were the only people at the Premises on October 15, 2015.

9.      Craig's Remodeling and/or its employees were the only individuals with access to the trash receptacle at the Premises on October 15, 2015.

10.      Craig's Remodeling and/or its employees had exclusive control over the Premises on October 15, 2015.

11.      On or about October 15, 2015, a fire occurred at the Premises which caused substantial damage the building and property owned by Gallagher.

12.     After an investigation, it was determined that the fire originated in the trash receptacle and the cause of the fire was the negligent disposal of materials in the trash receptacle at the Premises.

13.     At the time of the fire, there was in full force and effect a policy of insurance between Thomas Gallagher and Westfield that provided, among other types of insurance coverage, building and business property coverage to Gallagher.

14.     Westfield made payments to or on behalf of Gallagher for the damages caused by the fire and is subrogated to the rights of Gallagher to the extent of its payments.

15.     After a full investigation of the facts and pursuant to the policy of insurance between Gallagher and Westfield, Westfield determined that it was reasonable and necessary to pay to or on behalf of its insured the sum of $192,952.91.

16.     Pursuant to the policy of insurance between the Gallagher and Westfield, Gallagher was required to pay a deductible of $1,000.00.

### FIRST CAUSE OF ACTION: NEGLIGENCE

17.     All prior paragraphs are incorporated by reference.

18.     Craig's Remodeling had exclusive control of the Premises and the trash receptacle on October 15, 2015.

19.     Craig's Remodeling owed Gallagher a duty to use reasonable care in the disposal of materials at the Premises.

20.     Craig's Remodeling breached its duty to Gallagher.

21.     A fire in a trash receptacle does not ordinarily occur if those who have exclusive control exercise proper care.

22.    Craig's Remodeling's breach of its duty was the direct and proximate cause of the damages to the property of Gallagher.

WHEREFORE, Westfield Insurance Company demands judgment against the defendant in an amount to be determined, plus prejudgment interest, all taxable costs and fees and all other just and equitable relief.

Dated this 22nd day of February, 2017.          **YOST & BAILL, LLP**
                                                *Attorneys for Plaintiff,*
                                                Westfield Insurance Company

                                                /s/ Teirney S. Christenson
                                                Teirney S. Christenson
`                                               WI State Bar No.: 1056438
                                                2675 North Mayfair Road
                                                Suite 600
                                                Milwaukee, WI 53226
                                                Telephone: (414) 203-2054
                                                Facsimile: (414) 259-0610
                                                tchristenson@yostbaill.com

4