UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRAIG SHIELDS doing business as CRAIG'S )<br>REMODELING & MAINTENANCE, )<br>)<br>Defendant. ) | Case No. 1:17-cv-00558-TWP-TAB |

### ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011).

The Complaint alleges that "Plaintiff, Westfield Insurance Company ("Westfield"), is a foreign company licensed to sell insurance in the State of Indiana. Westfield's principal place of business is located at One Park Circle, Westfield Center, Ohio 44251." This jurisdictional allegation does not establish the citizenship of Plaintiff Westfield Insurance Company because it fails to allege the state of incorporation.

Further, the Complaint alleges that "Craig Shields d/b/a Craig's Remodeling & Maintenance ("Craig's Remodeling"), is an adult resident/business in the State of Indiana residing and/or having its principal place of business at 2408 South Madison Street, Bloomington, Indiana 47403." (Filing No. 1 at 2.) These allegations of residency, not citizenship, are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 2/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Teirney S. Christenson
YOST & BAILL
tchristenson@yostbaill.com